**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 639-2056
Attorneys for Defendants
*Techtronic Industries North America, Inc. a/k/a TTI Group,*
*Techtronic Industries Power Equipment, One World Technologies,*
*Inc. (n/k/a TTI Consumer Power Tools), Ridge Tool Company,*
*Emerson Professional Tools, LLC, Emerson Professional Tools*
*Mfg LLC, Emerson Electric Co. and Home Depot U.S.A., Inc.*

| | |
|---|---|
| PASQUALE MADONNA and JENNIFER MADONNA, h/w, | : UNITED STATES DISTRICT COURT |
| | : FOR THE DISTRICT OF NEW JERSEY |
| Plaintiffs, : | |
| v. : | Civil Action No. _____ |
| : | Honorable _____ |
| RIDGE TOOL COMPANY, EMERSON : | Honorable _____ |
| PROFESSIONAL TOOLS, LLC, EMERSON : | |
| PROFESSIONAL TOOLS MFG LLC, EMERSON : | **NOTICE OF REMOVAL** |
| ELECTRIC CO., TECHTRONIC INDUSTRIES : | **AND COPIES OF ALL PROCESS** |
| NORTH AMERICA, INC. a/k/a TTI GROUP, : | **AND PLEADINGS** |
| TECHTRONIC INDUSTRIES POWER : | |
| EQUIPMENT, ONE WORLD TECHNOLOGIES, : | |
| INC, HOME DEPOT U.S.A., INC., JOHN DOES : | |
| 1-5 fictitious name of any individual whom : | |
| fabricated, installed, serviced, repaired, assembled, : | |
| and/or inspected the incident Miter saw and Miter : | |
| Saw Utility Vehicle which caused Plaintiff's : | |
| injuries on October 5, 2023 and XYZ CORP. NOS. : | |
| 1-5 fictitious name of any entity which designed, : | |
| manufactured, fabricated, assembled, installed, : | |
| serviced, repaired, inspected, sold, distributed, : | |
| and/or otherwise placed into the stream of : | |
| commerce the incident Miter Saw and Miter Saw : | |
| Utility Vehicles which caused Plaintiff's injuries : | |
| on October 5, 2023,. : | |
| Defendants. : | |

TO:    The United States District Court for the District of New Jersey, Newark Division

    **PLEASE TAKE NOTICE** that Ridge Tool Company, Emerson Professional Tools, LLC,

Emerson Professional Tools Mfg LLC, Emerson Electric Co., Techtronic Industries North

America, Inc. a/k/a TTI Group, Techtronic Industries Power Equipment, One World Technologies,

Inc. (n/k/a TTI Consumer Power Tools) and Home Depot U.S.A., Inc., are hereby removing the

ME1\58420425.v1

above-styled action to this Court pursuant to 28 U.S.C. §1441, *et. seq.* In support of this Notice, Defendants state:

1.      The within action, entitled <u>Pasquale Madonna and Jennifer Madonna v. Ridge Tool Company, Emerson Professional Tools, LLC, Emerson Professional Tools Mfg LLC, Emerson Electric Co., Techtronic Industries North America, Inc. .a/k/a TTI Group, Techtronic Industries Power Equipment, One World Technologies, Inc and Home Depot U.S.A., Inc.,</u> was filed in the Superior Court of New Jersey, Law Division, Camden County, Docket No. CAM-L-003320-25 on October 3, 2025. (See Complaint and Jury Demand attached hereto as Exhibit A).

2.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a). By virtue of the provisions of 28 U.S.C. §1441(a), this entire case is one that may be removed to this Court.

3.      Plaintiffs Pasquale and Jennifer Madonna, are citizens and residents of the State of New Jersey.

4.      At the time of the filing of the Complaint and at the present time, Defendant Ridge Tool Company was a corporation of the State of Ohio with its principal place of business in the State of Ohio.

5.      At the time of the filing of the Complaint and at the present time, Defendant Emerson Professional Tools, LLC was a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Illinois. The sole member of Defendant Emerson Professional Tools, LLC is Greenlee Tools, Inc. which is a corporation organized under the laws of the State of Delaware with its principal business in the State of Illinois.

6.      At the time of the filing of the Complaint and at the present time, Defendant Emerson Professional Tools, Mfg LLC was a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Illinois. The sole member of Defendant Emerson Professional Tools, Mfg LLC is Greenlee Tools, Inc. which is a corporation organized under the laws of the State of Delaware with its principal business in the State of Illinois.

7.      At the time of the filing of the Complaint and at the present time, Defendant Emerson Electric Co. was a corporation of the State of Missouri with its principal place of business in the State of Missouri.

2

8. At the time of the filing of the Complaint and at the present time Defendant Techtronic Industries North America, Inc. was a corporation of the State of Delaware with its principal place of business in the State of Florida.

9. At the time of the filing of the Complaint and at the present time Defendant Techtronic Industries Power Equipment was a corporation of the State of Delaware with its principal place of business in the State of Florida.

10. At the time of the filing of the Complaint One World Technologies, Inc., which changed its name to "TTI Consumer Power Tools, Inc." in 2021, and at the present time was a corporation of the State of Delaware with its principal place of business in Anderson, South Carolina.

11. At the time of the filing of the Complaint and at the present time Defendant Home Depot U.S.A., Inc. was a corporation of the State of Delaware with its principal place of business in the State of Georgia.

12. Because Plaintiffs are citizens of New Jersey, because defendants Ridge Tool Company, Emerson Professional Tools, LLC, Emerson Professional Tools Mfg LLC, Emerson Electric Co., Techtronic Industries North America, Inc. a/k/a TTI Group, Techtronic Industries Power Equipment, One World Technologies, Inc. (n/k/a TTI Consumer Power Tools) and Home Depot U.S.A., Inc. are not citizens of New Jersey, complete diversity of citizenship exists between the parties under 28 U.S.C. § 1332.

13. On or about November 14, 2025, the Summons and Complaint was served on Defendant Ridge Tool Company by certified mail.

14. As is required by 28 U.S.C., § 1446(a), attached hereto as Exhibit B is a copy of a Summons and attached hereto as Exhibit A is a copy of a Complaint served upon Defendant Ridge Tool Company in the removed case. There were no other copies of process, pleadings, and Orders served upon Defendant Ridge Tool Company.

15. On or about November 7, 2025, the Summons and Complaint was served on Defendant Emerson Professional Tools, LLC's Agent for Service of Progress, Corporation Service Company.

16. As is required by 28 U.S.C., § 1446(a), attached hereto as Exhibit C is a copy of a Summons and attached hereto as Exhibit A is a copy of a Complaint served upon Defendant

3

Emerson Professional Tools, LLC in the removed case. There were no other copies of process, pleadings, and Orders served upon Defendant Emerson Professional Tools, LLC.

17. On or about November 7, 2025, the Summons and Complaint was served on Defendant Emerson Professional Tools Mfg LLC's Agent for Service of Progress, Corporation Service Company.

18. As is required by 28 U.S.C., § 1446(a), attached hereto as Exhibit D is a copy of a Summons and attached hereto as Exhibit A is a copy of a Complaint served upon Defendant Emerson Professional Tools Mfg LLC in the removed case. There were no other copies of process, pleadings, and Orders served upon Defendant Emerson Professional Tools Mfg LLC.

19. On or about November 7, 2025, the Summons and Complaint was served on Defendant Emerson Electric Co.'s Agent for Service of Progress, Corporation Service Company.

20. As is required by 28 U.S.C., § 1446(a), attached hereto as Exhibit E is a copy of a Summons and attached hereto as Exhibit A is a copy of a Complaint served upon Defendant Emerson Electric Co. in the removed case. There were no other copies of process, pleadings, and Orders served upon Defendant Emerson Electric Co.

21. On or about November 7, 2025, the Summons and Complaint was served on Defendant Techtronic Industries North America, Inc. a/k/a TTI Group's Agent for Service of Progress, Corporation Service Company.

22. As is required by 28 U.S.C., § 1446(a), attached hereto as Exhibit F is a copy of a Summons and attached hereto as Exhibit A is a copy of a Complaint served upon Defendant Techtronic Industries North America, Inc. a/k/a TTI Group in the removed case. There were no other copies of process, pleadings, and Orders served upon Defendant Techtronic Industries North America, Inc. a/k/a TTI Group.

23. On or about November 17, 2025, the Summons and Complaint was served on Defendant One World Technologies, Inc. (n/k/a TTI Consumer Power Tools) by certified mail, return receipt requested.

24. As is required by 28 U.S.C., § 1446(a), attached hereto as Exhibit G is a copy of a Summons and attached hereto as Exhibit A is a copy of a Complaint served upon Defendant One World Technologies, Inc. (n/k/a TTI Consumer Power Tools), in the removed case. There were no other copies of process, pleadings, and Orders served upon Defendant One World Technologies, Inc. (n/k/a TTI Consumer Power Tools).

4

25.    On or about November 7, 2025, the Summons and Complaint was served on Defendant Home Depot U.S.A., Inc.'s Agent for Service of Progress, Corporation Service Company.

26.    As is required by 28 U.S.C., § 1446(a), attached hereto as Exhibit H is a copy of a Summons and attached hereto as Exhibit A is a copy of a Complaint served upon Defendant Home Depot U.S.A., Inc., in the removed case.  There were no other copies of process, pleadings, and Orders served upon Defendant Home Depot U.S.A., Inc.

27.    Defendant Techtronic Industries Power Equipment has not yet been served with a Summons and Complaint, however, it has no objection to the within Notice of Removal and joins in the Notice of Removal.

28.    In the Complaint, Plaintiffs assert claims for negligence, strict liability and breach of warranty (Complaint, 1st, 2nd & 3rd Counts).

29.    In the Complaint, Plaintiffs assert that Plaintiff, Pasquale Madonna was injured while using a product.  (Complaint, The Injury, ¶¶46-57).

30.    The Plaintiffs further allege in the Complaint that as a result of the accident, Plaintiff, Pasquale Madonna had sustained "severe and permanent injuries" (Complaint, ¶47) and "…was forced to suffer serious, disabling and permanent injuries, including but not limited to; severe lacerations to his left hand causing severe injuries to his Extensor tendons and open fracture of metacarpal head necessitating surgical repair, extensive trauma to the muscles, fascia and tendons of the let hand, left wrist tendinosis, permanent scarring and disfigurement, sleeplessness, depression and anxiety, loss of usual and customary duties and way of life, loss of range of motion of the left hand and wrist, and loss of life's pleasures."  (Complaint, ¶51).

31.    In addition, in the Complaint Plaintiffs allege that Plaintiff Pasquale Madonna as a result of the accident "… has in the past and may in the future continue to be compelled to incur further obligations for such medical care and treatment; he has endured psychological, psychiatric, and neurological injuries, depression, anxiety, frustration and sleeplessness, the full extent of which is yet to be determined and some or all of which may be permanent in nature."  (Complaint, ¶52).

32.    In addition, in the initial Complaint Plaintiffs allege that Plaintiff Pasquale Madonna as a result of the accident "… has in the past required, continues to require and may in the future require medical treatment and care, and has in the past, continues presently, and may in

5

the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure his condition." (Complaint, ¶53).

33.     In addition, in the Complaint Plaintiffs allege that Plaintiff Pasquale Madonna "…has in the past and may in the future continue to suffer embarrassment, disfigurement, pains and mental anguish." (Complaint, ¶54).

34.     In addition, in the Complaint Plaintiffs allege that Plaintiff Pasquale Madonna "…has in the past and may in the future continue to be disabled from performing his usual duties, occupations and avocations, he has suffered and will continue to suffer loss of income, loss of earning capacity, and loss of life's pleasures, all to his great loss and detriment." (Complaint, ¶55).

35.     Hence, based upon the Complaint, Plaintiffs seek a recovery in excess of $75,000, exclusive of interest and costs, and/or the value to Plaintiffs of the relief sought in the Complaint exceeds $75,000, exclusive of interest and costs, and accordingly the amount in controversy exceeds $75,000, exclusive of interest and costs.

36.     This Notice of Removal is filed within thirty (30) days of the service of Summonses and information indicating that this action is removable, and it is therefore timely pursuant to 28 U.S.C. § 1446(b).

37.     This Court is the United States District Court for the District and Division in which the State Court action is pending, which makes this Court the appropriate venue for this Notice of Removal pursuant to 28 U.S.C. § 1441(a).

38.     Hence, based upon the Complaint, Plaintiffs seek a recovery in excess of $75,000, exclusive of interest and costs, and/or the value to Plaintiffs of the relief sought in the Complaint exceeds $75,000, exclusive of interest and costs, and accordingly the amount in controversy exceeds $75,000, exclusive of interest and costs.

39.     Accordingly, because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, this Court has original subject matter jurisdiction under U.S.C. §1322, and this removal is proper.

40.     Pursuant to 28 U.S.C. §§1446(d) and (a), simultaneously with removing this action to this Court, Defendants are serving copies of this Notice of Removal upon counsel for all parties of record and the Superior Court of New Jersey, Law Division, Camden County.  All procedural requirements for removal under 28 U.S.C. §§ 1441 and 1446 have been satisfied.

ME1\58420425.v1

**WHEREFORE**, Defendants respectfully remove this action from the Superior Court of New Jersey, Law Division, Camden County, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**
Attorneys for Defendants
*Techtronic Industries North America, Inc. a/k/a TTI Group,*
*Techtronic Industries Power Equipment, One World*
*Technologies, Inc. (n/k/a TTI Consumer Power Tools),*
*Ridge Tool Company, Emerson Professional Tools, LLC,*
*Emerson Professional Tools Mfg LLC, Emerson Electric*
*Co. and Home Depot U.S.A., Inc.*

*s/David R. Kott*

By:

David R. Kott
A Member of the Firm

Dated:  December 1, 2025

7

*EXHIBIT A*

**STAMPONE O'BRIEN DILSHEIMER HOLLOWAY**

BY:  Kevin P. O'Brien, Esquire
ID No.:  005392012
500 Cottman Avenue
Cheltenham, PA 19012
(215)663-0400
Attorney for Plaintiff

| | |
|---|---|
| PASQUALE MADONNA and : <br> JENNIFER MADONNA, h/w : <br> 227 West Atlantic Avenue : <br> Villas, NJ 08251 : <br> : <br>      vs. : <br> : <br> RIDGE TOOL COMPANY : <br> 400 Clark Street : <br> Elyria, OH 44035 : <br>     AND : <br> EMERSON PROFESSIONAL : <br> TOOLS, LLC : <br> c/o Corporation Service Company : <br> 251 Little Falls Drive : <br> Wilmington, DE 19808 : <br>     AND : <br> EMERSON PROFESSIONAL : <br> TOOLS MFG LLC : <br> c/o Corporation Service Company : <br> 251 Little Falls Drive : <br> Wilmington, DE 19808 : <br>     AND : <br> EMERSON ELECTRIC CO. : <br> c/o Corporation Service Company : <br> 251 Little Falls Drive : <br> Wilmington, DE 19808 : <br>     AND : <br> TECHTRONIC INDUSTRIES NORTH : <br> AMERICA, INC. a/k/a TTI GROUP : <br> c/o Corporation Service Company : <br> 251 Little Falls Drive : <br> Wilmington, DE 19808 : <br>     AND | **SUPERIOR COURT OF NEW JERSEY** <br> **CAMDEN COUNTY – LAW DIVISION** <br><br> **DOCKET NO.** <br><br> **<u>COMPLAINT AND JURY DEMAND</u>** |

| | |
|---|---|
| TECHTRONIC INDUSTRIES POWER | : |
| EQUIPMENT | : |
| 100 Innovation Way | : |
| Anderson, SC 29621 | : |
| AND | : |
| ONE WORLD TECHNOLOGIES, INC. | : |
| 100 Innovation Way | : |
| Anderson, SC 29621 | : |
| AND | : |
| HOME DEPOT U.S.A., INC. | : |
| c/o Corporation Service Company | : |
| 251  Little Falls Drive | : |
| Wilmington, DE 19808 | : |
| AND | : |
| JOHN DOES 1-5 | : |
| Fictitious name of any individual whom | : |
| Fabricated, installed, serviced, repaired, | : |
| Assembled, and/or inspected the incident | : |
| Miter Saw and Miter Saw Utility Vehicle | : |
| Which caused Plaintiff's injuries on October | : |
| 5, 2023. | : |
| AND | : |
| XYZ CORP. NOS. 1-5 | : |
| Fictitious name of any entity which | : |
| Designed, manufactured, fabricated, | : |
| Assembled, installed, serviced, repaired, | : |
| Inspected, Sold, distributed, and/or | : |
| Otherwise placed into the stream of | : |
| Commerce the incident Miter Saw and | : |
| Miter Saw Utility Vehicles Which Caused | : |
| Plaintiff's Injuries on October 5, 2023. | : |
| _____ | : |

Plaintiffs, Pasquale Madonna and Jennifer Madonna, husband and wife, say:

## **COMPLAINT**

1.      Plaintiff, Pasquale ("Pat") Madonna is an adult individual and resident of the State of New Jersey, residing therein at 227 West Atlantic Avenue, Villas, NJ 08251.

2.      Plaintiff, Jennifer Madonna, is an adult individual and resident of the State of New Jersey, residing therein at 227 West Atlantic Avenue, Villas, NJ 08251.

3.      This is a personal injury action sounding in negligence, strict products liability, and breach of warranty involving several defendants who contributed to the severe injuries, including the laceration and injury to extensor tendon of left hand suffered by Pat Madonna on October 5, 2023, described further in detail, below.

4.      The products at issue, and which are alleged to have been defectively manufactured, designed, assembled, and/or contained inadequate warnings and/or instructions to cause them to be unreasonably dangerous and defective are: (1) a Ridgid brand R4123 Miter Saw with serial number "GW19271D2A19990" (hereinafter or "Saw"); and (2) a Ridgid Foldable Mobile Miter Saw Stand with Mounting Braces, a/k/a, a Miter Saw Utility Vehicle (hereinafter "MS-UV") pictured below:

 

*[the Saw, left, with the Model and Serial Numbers shown, right]*



*[the Saw on the MS-UV]*



*[a close-up shot of the markings on the MS-UV]*

5.      It is alleged and therefore averred that the manufacturer, seller, and/or distributor sold and/or placed into the stream of commerce the Miter Saw and the MS-UV as a package, and mounted the saw prior to releasing it to the purchaser.

6.      In the alternative, the Miter Saw and the MS-UV were purchased separately or at the same time, but were connected and/or mounted together following the purchase of the Saw.

7.   The MS-UV, while making it easier to transport the Saw, turns into a workbench/table where the users do not need to find a separate table or bench to place the Saw, as advertised on one or more of Defendants jointly and/or severally.

8.   Defendant, Ridge Tool Company is alleged and averred to be an Ohio corporation, partnership, fictitious name, and/or other business entity, licensed to transact business in the State of New Jersey, as described further, below, and with a principal place of business located at 400 Clark Street, Elyria, OH 44035.

9.   At all times relevant hereto, Defendant Ridge Tool Company manufactured, designed, fabricated, sold, delivered, assembled, installed, operated, and/or otherwise controlled the incident R4123 Miter Saw, and manufactured, designed, fabricated, sold, delivered, assembled, installed, and/or otherwise controlled the incident MS-UV, prior to releasing them into the stream of commerce, either individually or pre-attached

10.   On information and belief, Defendant, Ridge Tool Company, regularly conducts business in the State of New Jersey, and more specifically in the City and County of Camden, by and though its agents, ostensible agents, servants, borrowed servants, workmen, and employees acting in the course and scope of their employment.

11.   Defendant Emerson Electric Co. is alleged and averred to be a Delaware corporation, partnership, fictious name, and/or other business entity, licensed to transact business in the State of New Jersey, as described further, below, and with a principal service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

12.   At all times relevant hereto, Defendant Emerson Electric Co. manufactured, designed, fabricated, sold, delivered, assembled, installed, operated, and/or otherwise controlled the incident R4123 Miter Saw and Miter Saw Utility Vehicle prior to releasing it into the stream of commerce.

13. On information and belief, Emerson Electric Co. regularly conducts business in the State of New Jersey, and more specifically in the City and County of Camden, by and though its agents, ostensible agents, servants, borrowed servants, workmen, and employees acting in the course and scope of their employment

14. Defendant Emerson Professional Tools, LLC is alleged and averred to be a Delaware corporation, partnership, fictious name, and/or other business entity, licensed to transact business in the State of New Jersey, as described further, below, and with a principal service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

15. At all times relevant hereto, Defendant Emerson Professional Tools, LLC manufactured, designed, fabricated, sold, delivered, assembled, installed, operated, and/or otherwise controlled the incident R4123 Miter Saw and Miter Saw Utility Vehicle prior to releasing it into the stream of commerce.

16. On information and belief, Emerson Professional Tools, LLC regularly conducts business in the State of New Jersey, and more specifically in the City and County of Camden, by and though its agents, ostensible agents, servants, borrowed servants, workmen, and employees acting in the course and scope of their employment.

17. Defendant Emerson Professional Tools Mfg LLC is alleged and averred to be a Delaware corporation, partnership, fictious name, and/or other business entity, licensed to transact business in the State of New Jersey, as described further, below, and with a principal service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

18. At all times relevant hereto, Defendant Emerson Professional Tools Mfg LLC manufactured, designed, fabricated, sold, delivered, assembled, installed, operated, and/or otherwise

controlled the incident R4123 Miter Saw and Miter Saw Utility Vehicle prior to releasing it into the stream of commerce.

19. On information and belief, Emerson Professional Tools Mfg LLC regularly conducts business in the State of New Jersey, and more specifically in the City and County of Camden, by and though its agents, ostensible agents, servants, borrowed servants, workmen, and employees acting in the course and scope of their employment.

20. For the purpose of this Complaint, Defendants, Emerson Electric Co., Emerson Professional Tools LLC, Emerson Professional Tools Mfr LLC, shall hereinafter be referred to as "Emerson Defendants" and/or "Emerson". Upon information, only one of the Emerson Defendants is responsible for the resulting injuries and damages to Plaintiff as described more specifically herein.

21. Defendant Techtronic Industries North America, Inc. a/k/a TTI Group and/or TTI is alleged and averred to be a Delaware corporation, partnership, fictious name, and/or other business entity, licensed to transact business in the State of New Jersey, as described further, below, and with a principal service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

22. At all times relevant hereto, Defendant Techtronic Industries North America, Inc. a/k/a TTI Group and/or TTI manufactured, designed, fabricated, sold, delivered, assembled, installed, operated, and/or otherwise controlled the incident R4123 Miter Saw and Miter Saw Utility Vehicle prior to releasing it into the stream of commerce.

23. On information and belief, Techtronic Industries North America, Inc. a/k/a TTI Group and/or TTI regularly conducts business in the State of New Jersey, and more specifically in

the City and County of Camden, by and though its agents, ostensible agents, servants, borrowed servants, workmen, and employees acting in the course and scope of their employment.

24. Defendant Techtronic Industries Power Equipment  is alleged and averred to be a South Carolina corporation, partnership, fictious name, and/or other business entity, licensed to transact business in the State of New Jersey, as described further, below, and with a principal place of business located at 100 Innovation Way, Anderson, SC 29621.

25. At all times relevant hereto, Defendant Techtronic Industries Power Equipment manufactured, designed, fabricated, sold, delivered, assembled, installed, operated, and/or otherwise controlled the incident R4123 Miter Saw and Miter Saw Utility Vehicle prior to releasing it into the stream of commerce.

26. On information and belief, Techtronic Industries Power Equipment regularly conducts business in the State of New Jersey, and more specifically in the City and County of Camden, by and though its agents, ostensible agents, servants, borrowed servants, workmen, and employees acting in the course and scope of their employment.

27. Defendant One World Technologies, Inc.  is alleged and averred to be a South Carolina corporation, partnership, fictious name, and/or other business entity, licensed to transact business in the State of New Jersey, as described further, below, and with a principal place of business located at 100 Innovation Way, Anderson, SC 29621.

28. At all times relevant hereto, Defendant One World Technologies, Inc. manufactured, designed, fabricated, sold, delivered, assembled, installed, operated, and/or otherwise controlled the incident R4123 Miter Saw with serial number "GW19271D2A19990" (hereinafter "Product" or "Saw") prior to releasing it into the stream of commerce.

29.     On information and belief, One World Technologies, Inc. regularly conducts business in the State of New Jersey, and more specifically in the City and County of Camden, by and though its agents, ostensible agents, servants, borrowed servants, workmen, and employees acting in the course and scope of their employment.

30.     Defendant Home Depot U.S.A., Inc.  is alleged and averred to be a Delaware corporation, partnership, fictious name, and/or other business entity, licensed to transact business in the State of New Jersey, as described further, below, and with a principal service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

31.     At all times relevant hereto, Defendant Home Depot, U.S.A., Inc. manufactured, designed, fabricated, sold, delivered, assembled, installed, operated, and/or otherwise controlled the incident R4123 Miter Saw with serial number "GW19271D2A19990" (hereinafter "Product" or "Saw") prior to releasing it into the stream of commerce.

32.     On information and belief, Home Depot, U.S.A., Inc. regularly conducts business in the State of New Jersey, and more specifically in the City and County of Camden, by and though its agents, ostensible agents, servants, borrowed servants, workmen, and employees acting in the course and scope of their employment.

33.     Defendants, John Does 1-5, are alleged and therefore averred to be the fictitious names of any individual whom fabricated, installed, serviced, repaired, assembled, and/or inspected the incident Miter Saw and Miter Saw Utility Vehicle which caused Plaintiff's injuries on October 5, 2023. The exact name of said individual is currently unknown and Plaintiffs reserve the right to amend the complaint as a result of pleading such fictitious parties pursuant to N.J. Rule 4:26-4.

34.     At all times relevant hereto, Defendant John Doe was an individual employed or hired by one of the named-Defendants, or Defendants XYZ Corp. Nos. 1-5, and was responsible for

the proper fabrication, installation, service, repair, assembly and/or inspection of the incident Miter Saw and/or Miter Saw Utility Vehicle, or the mounting of the two products together, prior to those products being placed into the stream of commerce and eventually reached Plaintiff on October 5, 2023.

35.     Upon learning the true identity of Defendant, John Doe, he or she will be joined upon Motion by Plaintiff pursuant to Rule 4:25-4, unless joined earlier by one or more of the named Defendants to this Complaint.

36.     Defendants, XYZ Corp. Nos. 1-5, are alleged and therefore averred to be fictitious names of corporations, partnerships, and/or other business entities, licensed to transact business in the State of New Jersey, as described further below. The exact names of said defendants are currently unknown and Plaintiffs reserve the right to amend the complaint as a result of pleasing such fictitious parties pursuant to N.J. Rule 4:26-4.

37.     At all times relevant hereto, Defendants XYC Corp. Nos. 1-5 were entities which designed, manufactured, fabricated, assembled, inspected, serviced, repaired, sold, distributed, and/or otherwise placed the Saw and MS-UV into the stream of commerce.

38.     Upon learning the true identities of Defendants, XYZ Corp. Nos. 1-5, they will be joined upon Motion by Plaintiff pursuant to Rule 4:25-4, unless joined earlier by one or more of the named Defendants to this Complaint.

## ALL DEFENDANTS

39.     At all times relevant hereto, Defendants, and each of them were manufacturers, sellers, or distributors normally engaged in the industry and business of selling similar products to the Saw and MS-UV, including other saws, stands, and other power tools.

40. The Saw and/or the MS-UV, along with their component parts, were unreasonably dangerous and/or defective as designed, manufactured, fabricated, assembled, distributed, sold and/or otherwise placed into the stream of commerce.

41. On October 5, 2023, one or more of the component parts of the Saw and/or MS-UV failed to function as designed and manufactured and cause Plaintiff's injuries and damages.

42. The Saw and/or MS-UV were also unreasonably dangerous and/or defective because the foreseeable risks could have been reduced or avoided by the use of a reasonable alternative design, and the failure to utilize such a design caused the Saw to not be reasonably safe for intended use or foreseeable misuse.

43. The Saw and/or MS-UV were also unreasonably dangerous and/or defective because, when used separately or in conjunction with each other, presented an amputation, disfigurement, maiming, slice injury, and/or serious injury hazard to the end user individual, especially to those not trained to use a saw or other power tool, as Plaintiff was not.

44. Prior to October 5, 2023, Defendants, and each of them, knew or should have known that the Saw created a dangerous and/or hazardous condition to foreseeable users and/or operators, including Plaintiff, due to the lack of warnings regarding the use and operation of the sliding guard.

45. At the time Plaintiff was injured, the Saw and MS-UV were in a condition substantially unchanged from the time of their design, manufacture, sale, and placement into the stream of commerce, including before and at the time of Plaintiff's permanent injuries.

### The Injury

46. On October 5, 2023, Plaintiff, Pat Madonna was using the Saw as it was mounted to the MS-UV, as designed, in an intended and foreseeable manner all while in the normal course

of his profession, causing severe and permanent damage to Plaintiff, Pat Madonna's, left hand and more damages as described herein.

47.     At the aforementioned time, Plaintiff was making a cut to wood board, and following a successful cut, the lower blade guard of the Saw failed to retract as it was designed, manufactured, and assembled to, causing the severe and permanent injuries.

48.     At all times relevant hereto, Plaintiff, Pat Madonna was a foreseeable end user and consumer of Defendants' products to whom the Defendants owed the highest duty of care to use reasonable care to prevent foreseeable harm due to normal use, or foreseeable misuse, of the product.

49.     At all relevant times, Plaintiff never received training on, and was not experienced in the use of the Saw, MS-UV, or power tools substantially similar to the Saw.

50.     Defendants, and each of them, by and through their agents, ostensible agents, servants, borrowed servants, workmen and/or employees, breached their duties owed to Plaintiff by selling, delivering, distributing, and/or otherwise placing into the stream of commerce an unreasonably dangerous and/or defective product.

51.     As a direct and proximate result of the carelessness, negligence, strict liability, and/or other liability producing conduct of the defendants, Plaintiff, Pat Madonna, was forced to suffer serious, disabling and permanent injuries, including but not limited to; severe lacerations to his left hand causing severe injuries to his Extensor tendons and open fracture of metacarpal head necessitating surgical repair, extensive trauma to the muscles, fascia and tendons of the left hand, left wrist tendinosis, permanent scarring and disfigurement, sleeplessness, depression and anxiety, loss of usual and customary duties and way of life, loss of range of motion of the left

hand and wrist, and loss of life's pleasures. The full extent of his injuries has yet to be determined.

52.     As a further direct and proximate result of the carelessness, negligence, and other liability producing conduct of the defendants, Plaintiff, Pat Madonna has in the past and may in the future require medicines, medical care and treatment; he has in the past and may in the future continue to be compelled to incur further obligations for such medical care and treatment; he has endured psychological, psychiatric, and neurological injuries, depression, anxiety, frustration and sleeplessness, the full extent of which is yet to be determined and some or all of which may be permanent in nature.

53.     As a further direct and proximate result of the carelessness, negligence, and other liability producing conduct of the defendants, Plaintiff, Pat Madonna, has in the past required, continues to require, and may in the future require, medical treatment and care, and has in the past, continues presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure his condition.

54.     As a further direct and proximate result of the carelessness, negligence,  and other liability producing conduct of the defendants, Plaintiff, Pat Madonna, has in the past and may in the future continue to suffer embarrassment, disfigurement, pains and mental anguish.

55.     As a further direct and proximate result of the carelessness, negligence, and other liability producing conduct of the defendants, Plaintiff, Pat Madonna, has in the past and may in the future continue to be disabled from performing his usual duties, occupations and avocations, he has suffered and will continue to suffer loss of income, loss of earning capacity, and loss of life's pleasures, all to his great loss and detriment.

56.     Plaintiff's injuries and damages were caused solely by the acts of Defendants, jointly and/or severally, and/or through their joint and individual agents, servants, workmen and/or employees as hereinbefore and hereinafter set forth.

57.     Plaintiff's injuries and damages were not caused by any act or omission on the part of Plaintiff.

**FIRST COUNT**
**PLAINTIFF, PASQUALE MADONNA V. ALL DEFENDANTS**
**<u>NEGLIGENCE</u>**

58.     Plaintiffs incorporate all preceding paragraphs of this Complaint, as though fully set forth herein.

59.     At all times relevant, Defendants and each of them manufactured, designed, fabricated, sold, delivered, assembled, installed, serviced, repaired, controlled, and/or otherwise placed the Saw and the Miter Saw Utility Vehicle, either separately or in the alternative pre-mounted and attached, into the stream of commerce.

60.     Defendants, and each of them owed Plaintiff, and similarly situated individuals, a duty of care to ensure equipment and products, along with their component parts, designed, manufactured, fabricated, assembled, distributed, and/or sold into the stream of commerce by Defendant were free from all defects, as advertised and warranted, and included sufficient warnings so as not to render the equipment unreasonably dangerous thereby putting Pat Madonna at risk of serious bodily harm.

61.     The design, manufacture, fabrication, assembly, distribution, inspection, repair, service, and/or sale of the Saw  and MS-UV created such a risk to untrained users, such as Pat Madonna, that a reasonably prudent entity in the industry of producing these saws, being fully aware of the risk, would not have designed, manufactured, fabricated, assembled, distributed, serviced, repaired, and/or sold the product, as Defendants did.

62.     The product liability related negligence, carelessness, and/or other liability producing conduct of Defendants, their agents, ostensible agents, servants, borrowed servants, workmen, and/or employees, as it related to the Saw, consisted of:

a.  Failure to adequately provide for protective measures against, and remedies for, said failure of the Saw;

b.  failure to design, manufacture, fabricate, assemble, distribute, and/or sell a product with adequate safety materials, manuals, instructions, markings, signs, warnings and safety devices;

c.  failure to use due care under the circumstances where they knew or should have known of foreseeable misuse by operators of their product and other saws;

d.  failure to design a product with adequate materials and safety devices;

e.  distributing a defective product to the general public;

f.  advertising a defective product to the general product;

g.  failure to ensure the product was assembled correctly prior to being placed into the stream of commerce;

h.  failure to inspect and test the products before they were placed into the stream of commerce, including the functionality of the upper and lower guards on the Saw;

i.  failure to properly install the lower guard on the Saw prior to placing it into the stream of commerce;

j.  installing the guard on the saw in an unsafe manner prior to placing the Saw into the stream of commerce;

k.  selling, distributing, and/or placing into the stream of commerce the Saw with a defective guard;

l.  placing a defective product into the stream of commerce which was not safe for operation;

m.  continuing to sell a defective product to the general public with knowledge of the unreasonable unwarned-of harms which confronted the end users during ordinary use;

n.  making false representations to the general public that the products were safe for use, when in fact said products were defective and in an unreasonably dangerous condition; and

o.  otherwise failing to use due care or course under the circumstances when Defendant knew or should have known of the serious and permanent injuries which could be caused by such design defect or malfunction of said product.

63.  Prior to the placing of the Saw and MS-UV into the stream of commerce and injury caused to Pat Madonna on October 5, 2023, Defendants knew or should have known with adequate design, inspection and/or testing, that the Saw and MS-UV were in a defective and dangerous condition and that because of the defects, the products could not be used safely for the purpose for which they were intended. Defendants also knew that continued sale and use of the Products would result in further injuries to persons such as Pat Madonna.

64.  By reason of the careless, negligent, and other liability producing conduct of Defendants, their agents, ostensible agents, servants, borrowed servants, workmen, acting jointly and/or severally as aforesaid, Plaintiff, Pat Madonna, has sustained serious and permanently disabling injuries more fully set forth above and incorporated by reference as though fully set forth herein.

65.  By conducting themselves as set forth above, Defendants acts and/or omissions were a substantial contributing factor in, a factual cause of, and/or increased the risk of Plaintiff's serious, debilitating and permanent injuries and damages.

WHEREFORE, Plaintiff, Pasquale Madonna demands judgment against Defendants Ridge Tool Company, Emerson Electric Co., Emerson Professional Tools, LLC, Emerson Professional Tools Mfg LLC, Techtronic Industries North America, Inc. a/k/a TTI Group, Techtronic Industries Power Equipment, One World Technologies, Inc., Home Depot U.S.A., Inc., John Does 1-5, and/or XYZ Corp. Nos. 1-5, jointly and/or severally, for damages, interest and costs of suit.

**SECOND COUNT**
**PLAINTIFF PASQUALE MADONNA V. ALL DEFENDANTS**
**STRICT LIABILITY**

66.     Plaintiffs incorporate all preceding paragraphs of this Complaint, as though fully set forth herein.

67.     At all times relevant hereto, and upon information and belief, the Saw and Miter Saw Utility Vehicle were jointly and/or severally advertised, marketed, manufactured, designed, fabricated, assembled, sold, distributed and/or otherwise placed into the stream of commerce by Defendants, during and in the ordinary course of their business.

68.     Said Saw  and MS-UV as well as their component parts did reach Plaintiff, in a condition substantially unchanged from that in which they were advertised, marketed, manufactured, designed, fabricated, assembled, sold, distributed and/or otherwise placed into the stream of commerce.

69.     The injuries and damages sustained by Pat Madonna  as set forth above, were the direct result of the defective and dangerous conditions of the Saw and MS-UV, existing at the time of the advertising, marketing, design, manufacture, fabrication, assembly, sale and/or distribution by Defendants, acting as aforesaid, including without limitation that said Saw and the MS-UV, both separately and mounted together, presented a serious hazard to end users, and lacked adequate and conspicuous warnings.

70.     In the alternative, the injuries and damages sustained by Pat Madonna as set forth above, were the direct result of the defective and dangerous conditions of the products existing at the time of the advertising, marketing, design, manufacture, fabrication, assembly, sale and/or distribution by Defendants, acting as aforesaid, including without limitation that said Saw's and Miter Saw Utility Vehicle's design increased the risk of injuries and the extent of injuries

suffered by Plaintiff, even when the Product was used as intended by Defendants or misused in an obviously foreseeable manner.

71. Additionally, the missing safety features such as; a properly functioning lower guard, adequate and conspicuous warnings, and operations, safety and maintenance manuals, increased the risk of injuries and the extent of injuries suffered by Plaintiff.

72. Had the Saw not been defectively manufactured, designed, assembled, and had the it included any of the aforementioned feasible safety devices, Pat Madonna would not have suffered the same injuries, nor the resulting surgery.

73. Defendants are strictly liable pursuant to Section 402A of the Restatement (Second) of Torts, as said products were defective and unreasonably dangerous at the time they were distributed and Defendants failed to warn Plaintiff, and other foreseeable users of the aforementioned defects and dangers.

74. Prior to Plaintiff's injury on the day in question, Defendants knew, or should have known, without adequate manufacture, design, assembly, inspection and/or testing, that the Saw and the MS-UV were in a defective and dangerous condition and that because of the defects, they could not be used safely for the purposes for which each was intended. Defendants also knew that continued sale and use of the products, separately and mounted together, would result in further injuries to persons such as Pat Madonna.

75. The Saw and MS-UV as advertised, marketed, manufactured, designed, fabricated, assembled, sold, distributed and/or otherwise placed into the stream of commerce by the Defendants also failed to contain proper warnings and instructions regarding the intended uses of and all dangers associated with the use and operation of the Saw.

76.     The Saw was also defective due to inadequate post-marketing warning or instruction because, after the manufacturer knew or should have known of the risk of injury to users and/or persons similarly situated as Pat Madonna, Defendants failed to provide adequate warnings to users and persons subjected to the Product and continued to advertise, market, manufacture, design, fabricate, assemble, sell, distribute, maintain, and/or otherwise place it into the stream of commerce.

77.     The Saw and MS-UV as advertised, marketed, manufactured, designed, fabricated, assembled, sold, distributed and/or otherwise placed into the stream of commerce by the Defendants also failed to function as intended wherein the lower guard on the saw failed to retract to prevent the type of injury which occurred.

78.     The dangers of the Saw and MS-UV that injured Pat Madonna were unknowable and unacceptable to the average or ordinary consumer, and therefore they failed to satisfy the Consumer Expectation Test.

79.     A reasonable person would conclude the probability and seriousness of the harms caused by the defectiveness of the Products as set for the above, outweighed the burden or costs of taking precautions, and therefore Defendants failed to satisfy the Risk-Utility Test.

80.     As a result of the aforementioned defects and/or other unreasonably dangerous propensities of the product, including improper warnings and instructions on the Product and in the operations/use manuals, Pasquale Madonna was caused to sustain severe, serious and permanent injuries and damages, as set forth above.

WHEREFORE, Plaintiff, Pasquale Madonna demands judgment against Defendants Ridge Tool Company, Emerson Electric Co., Emerson Professional Tools, LLC, Emerson Professional Tools Mfg LLC, Techtronic Industries North America, Inc. a/k/a TTI Group, Techtronic Industries

Power Equipment, One World Technologies, Inc., Home Depot U.S.A., Inc., John Does 1-5, and/or XYZ Corp. Nos. 1-5, jointly and/or severally, for damages, interest and costs of suit.

**THIRD COUNT**
**PLAINTIFF PASQUALE MADONNA V. ALL DEFENDANTS**
**BREACH OF WARRANTY**

81.     Plaintiff reavers and incorporates the preceding paragraphs by reference as if the same were set forth fully herein.

82.     Defendants expressly and impliedly warranted that the Saw was safe and fit for the particular purpose for which it was made.

83.     Defendants expressly and impliedly warranted that the Miter Saw Utility Vehicle was safe and fit for the particular purpose for which it was made.

84.     Defendants' breach of contract/warranty consisted, inter alia, of selling a defective and dangerous product.

85.     Plaintiff, in requesting, purchasing, leasing, borrowing, and/or using the Saw and MS-UV, relied on the skill, judgment, representations and foregoing implied and express warranties of the Defendants.

86.     Said warranties and representations were false in that the aforementioned Saw and MS-UV were not safe when used separately or when mounted; were un-merchantable; and were unfit for ordinary purposes and uses for which they were intended and caused Pat Madonna's injuries, surgery, and other damages.

87.     Prior to the time the Saw and MS-UV was used by Plaintiff on the date of injury, Defendants had implied warranties to the general public that said products were of merchantable quality and safe and fit for the use for which they were intended.

88.     The general public and Plaintiff are unskilled in the research, manufacture, design fabrication, assembly, sale and/or distribution of the aforementioned Saw and Miter Saw Utility Vehicle, and reasonably relied on the skill, judgment and implied warranty of the Defendant entities in using the aforementioned product.

89.     The Saw was neither safe for its intended use nor of merchantable quality, as expressly and impliedly warranted by Defendants, in that it had dangerous propensities when put to its intended use(s) and would cause severe injuries to the user and/or operator and others in close proximity, especially when untrained on proper use.

90.     The aforementioned breach of warranty was the proximate cause of the injuries and damages sustained by Pasquale Madonna, as set forth above.

WHEREFORE, Plaintiff, Pasquale Madonna demands judgment against Defendants Ridge Tool Company, Emerson Electric Co., Emerson Professional Tools, LLC, Emerson Professional Tools Mfg LLC, Techtronic Industries North America, Inc. a/k/a TTI Group, Techtronic Industries Power Equipment, One World Technologies, Inc., Home Depot U.S.A., Inc., John Does 1-5, and/or XYZ Corp. Nos. 1-5, jointly and/or severally, for damages, interest and costs of suit.

**FOURTH COUNT**
**PLAINTIFF, JENNIFER MADONNA V. ALL DEFENDANTS**
**LOSS OF CONSORTIUM**

91.     Plaintiff reavers and incorporates the preceding paragraphs by reference as if the same were set forth fully herein.

92.     Plaintiff reavers and incorporates the preceding paragraphs by reference as if the same were set forth fully herein.

93. At all times material hereto, Plaintiff, Jennifer Madonna, is the wife of Plaintiff, Pasquale Madonna.

94. As a result of the injuries suffered by her husband, Plaintiff, Jennifer Madonna, has and will in the future suffer the loss and deprivations of the usual services, society and consortium of her husband and has been required to provide special services and care to him.

WHEREFORE, Plaintiff, Jennifer Madonna demands judgment against Defendants Ridge Tool Company, Emerson Electric Co., Emerson Professional Tools, LLC, Emerson Professional Tools Mfg LLC, Techtronic Industries North America, Inc. a/k/a TTI Group, Techtronic Industries Power Equipment, One World Technologies, Inc., Home Depot U.S.A., Inc., John Does 1-5, and/or XYZ Corp. Nos. 1-5, jointly and/or severally, for damages, interest and costs of suit.

Respectfully submitted,

**STAMPONE O'BRIEN DILSHEIMER HOLLOWAY**

BY: _____*/s/Kevin P. O'Brien*_____
        KEVIN P. O'BRIEN, ESQUIRE
        Attorneys for Plaintiffs

## DEMAND FOR TRIAL BY JURY

Plaintiff(s) hereby demand a trial by jury as to all issues raised by these pleadings.

Respectfully submitted,

STAMPONE O'BRIEN DILSHEIMER HOLLOWAY

BY:＿＿＿＿＿*/s/ Kevin P. O'Brien*＿＿＿＿＿
        KEVIN P. O'BRIEN, ESQUIRE
        *Attorney for Plaintiff(s)*


## DESIGNATION OF TRIAL COUNSEL

Plaintiff(s) designate Kevin P. O'Brien, Esquire, as trial counsel in this matter.

Respectfully submitted,

STAMPONE O'BRIEN DILSHEIMER HOLLOWAY

BY:＿＿*/s/ Kevin P. O'Brien*＿＿＿＿＿＿
        KEVIN P. O'BRIEN, ESQUIRE
        *Attorney for Plaintiff(s)*


## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that to the best of my knowledge, the within matter in controversy is not the subject of any other action pending in Court or in arbitration.

Respectfully submitted,

STAMPONE O'BRIEN DILSHEIMER HOLLOWAY

BY:＿＿*/s/ Kevin P. O'Brien*＿＿＿＿＿＿
        KEVIN P. O'BRIEN, ESQUIRE
        *Attorney for Plaintiff(s)*

CAM-L-003320-25   10/03/2025 5:26:52 PM   Pg 1 of 2   Trans ID: LCV20252709740

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-003320-25

**Case Caption:** MADONNA PASQUALE  VS RIDGE TOOL COMPANY

**Case Initiation Date:** 10/03/2025

**Attorney Name:** KEVIN P O'BRIEN

**Firm Name:** STAMPONE LAW PC

**Address:** 500 COTTMAN AVE

CHELTENHAM PA 190120000

**Phone:** 2156630400

**Name of Party:** PLAINTIFF : MADONNA, PASQUALE

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** PRODUCT LIABILITY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** PASQUALE MADONNA? NO

**Are sexual abuse claims alleged by:** JENNIFER MADONNA? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/03/2025                                                                      /s/ KEVIN P O'BRIEN
Dated                                                                                      Signed

CAM-L-003320-25   10/03/2025 5:26:52 PM   Pg 2 of 2   Trans ID: LCV20252709740

*EXHIBIT B*



**STAMPONE O'BRIEN**
DILSHEIMER HOLLOWAY
INJURY LAWYERS

A Professional Corporation of Trial Lawyers

| | |
|---|---|
| Joseph P. Stampone | James P. McNally |
| Kevin P. O'Brien*° | Daniel N. Stampone* |
| J.B. Dilsheimer | Tyler J. Stampone* |
| Prince P. Holloway* | Andrea M. Sasso* |
| . . . . . | Kristin Buddle* |
| Matthew D. Blum, M.D.* | Sean McMonagle* |
| James E. Foerstner˜ | Brock J. Atkins˗ |
| Daniel T. Thistle*�!˜ | Liam M. O'Brien* |

☙ stamponelaw.com
☙ info@stamponelaw.com

*
₀ ALSO MEMBER OF THE NEW JERSEY BAR
  ALSO MEMBER OF THE FLORIDA BAR
" ALSO MEMBER OF THE GEORGIA BAR
ᵗ LL.M. IN TRIAL ADVOCACY
˜ OF COUNSEL

**REPLY TO**

500 Cottman Avenue
Cheltenham, PA 19012
**p** / 215.663.0400
**f** / 215.663.9112

**PHILADELPHIA**

The Graham Building
30 S. 15th Street
15th Floor
Philadelphia, PA 19102
**p** / 215.663.0400
**f** / 215.663.9112

**NEW JERSEY**

5501 New Jersey Avenue
Wildwood Crest, NJ 08260
**p** / 215.663.0400
**f** / 215.663.9112

October 31, 2025

Ridge Tool Company
400 Clark Street
Elyria, OH 44035

> **RE:     Madonna v. Ridge Tool Company**
> **Superior Court of NJ Camden County**
> **Docket No.:  CAM-L-003320-25**

Dear Sir/Madam:

Enclosed herewith please find a true and correct copy of the Complaint and Summons in Civil Action which were filed in the above referenced matter.

At this time I ask that you turn this matter over to your insurance carrier and/or attorney with instructions to contact me regarding this claim.

Thank you for your attention.

Very truly yours,

Kevin P. O'Brien
KOB/dae
Enclosures
Certified Mail
Return Receipt Requested



CAM-L-003320-25   10/03/2025 5:26:52 PM   Pg 1 of 1   Trans ID: LCV20252709740

## SUMMONS

Attorney(s) KEVIN P. O'BRIEN, ESQUIRE

Office Address  500 Cottman Avenue

Town, State, Zip Code  Cheltenham, PA 19012

Telephone Number   215-663-0400

Attorney(s) for Plaintiff  Pasquale Madonna, et al

PASQUALE MADONNA AND

JENNIFER MADONNA, h/w

      Plaintiff(s)

vs.

RIDGE TOOL COMPANY, ET AL

      Defendant(s)

## Superior Court of New Jersey

Camden_____ County

LAW_____ Division

Docket No: _____

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

_____

Clerk of the Superior Court

DATED: 10/03/2025

Name of Defendant to Be Served:  RIDGE TOOL COMPANY

Address of Defendant to Be Served:  400 Clark Street, Elyria, OH 44035

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# *EXHIBIT C*



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 32651293**
**Date Processed: 11/07/2025**

| | |
|---|---|
| **Primary Contact:** | Elizabeth Anderson<br>Emerson Electric Co.<br>8027 Forsyth Blvd<br>Saint Louis, MO 63105-1734 |
| **Electronic copy provided to:** | Angela Alvarado<br>Paige Thompson |

| | |
|---|---|
| **Entity:** | Emerson Professional Tools, LLC<br>Entity ID Number  4420124 |
| **Entity Served:** | Emerson Professional Tools, LLC |
| **Title of Action:** | Pasquale Madonna vs. Ridge Tool Company |
| **Matter Name/ID:** | Pasquale Madonna vs. Ridge Tool Company (18140330) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Camden County Superior Court, NJ |
| **Case/Reference No:** | CAM-L-003320-25 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 11/07/2025 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Stampone O'Brien Dilsheimer Holloway<br>215-663-0400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

*EXHIBIT D*



# Notice of Service of Process

null / ALL
**Transmittal Number: 32647773**
**Date Processed: 11/07/2025**

| | |
|---|---|
| **Primary Contact:** | Elizabeth Anderson<br>Emerson Electric Co.<br>8027 Forsyth Blvd<br>Saint Louis, MO 63105-1734 |
| **Electronic copy provided to:** | Paige Thompson<br>Angela Alvarado |

| | |
|---|---|
| **Entity:** | Emerson Professional Tools MFG LLC<br>Entity ID Number  4420123 |
| **Entity Served:** | Emerson Professional Tools Mfg, LLC |
| **Title of Action:** | Pasquale Madonna vs. Ridge Tool Company |
| **Matter Name/ID:** | Pasquale Madonna vs. Ridge Tool Company (18140330) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Camden County Superior Court, NJ |
| **Case/Reference No:** | CAM-L-003320-25 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 11/07/2025 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Stampone O'brien Dilsheimer Holloway<br>215-663-0400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

*EXHIBIT E*



**CSC**

# Notice of Service of Process

null / ALL
Transmittal Number: 32647725
Date Processed: 11/07/2025

| | |
|---|---|
| **Primary Contact:** | Elizabeth Anderson<br>Emerson Electric Co.<br>8027 Forsyth Blvd<br>Saint Louis, MO 63105-1734 |
| **Electronic copy provided to:** | Angela Alvarado<br>Paige Thompson |

| | |
|---|---|
| **Entity:** | Emerson Electric Co.<br>Entity ID Number  4420107 |
| **Entity Served:** | Emerson Electric Co. |
| **Title of Action:** | Pasquale Madonna vs. Ridge Tool Company |
| **Matter Name/ID:** | Pasquale Madonna vs. Ridge Tool Company (18140330) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Camden County Superior Court, NJ |
| **Case/Reference No:** | CAM-L-003320-25 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 11/07/2025 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Stampone O'brien Dilsheimer Holloway<br>215-663-0400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

*EXHIBIT F*



# Notice of Service of Process

**ASE / ALL**
**Transmittal Number: 32654432**
**Date Processed: 11/10/2025**

| | |
|---|---|
| **Primary Contact:** | Mark A. Rowe<br>Techtronic Industries North America, Inc.<br>115 Innovation Way<br>Anderson, SC 29621-7664 |
| **Electronic copy provided to:** | Michele Dawkins |

| | |
|---|---|
| **Entity:** | Techtronic Industries North America, Inc.<br>Entity ID Number  2193062 |
| **Entity Served:** | Techtronic Industries North America Inc. A/K/A Tti Group |
| **Title of Action:** | Pasquale Madonna vs. Ridge Tool Company |
| **Matter Name/ID:** | Pasquale Madonna vs. Ridge Tool Company (18144791) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Camden County Superior Court, NJ |
| **Case/Reference No:** | CAM-L-003320-25 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 11/07/2025 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Stampone O'brien Dilsheimer Holloway Injury Lawyers<br>215-663-0400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

*EXHIBIT G*





9589 0710 5270 0384 8585 15



**STAMPONE O'BRIEN**
DILSHEIMER HOLLOWAY
INJURY LAWYERS

500 Cottman Avenue, Cheltenham, PA 19012

One World Technologies, Inc.
100 Innovation Way
Anderson, SC 29621



**STAMPONE O'BRIEN**
DILSHEIMER HOLLOWAY
INJURY LAWYERS

**A Professional Corporation of Trial Lawyers**

| | |
|---|---|
| Joseph P. Stampone | James P. McNally |
| Kevin P. O'Brien*° | Daniel N. Stampone* |
| J.B. Dilsheimer | Tyler J. Stampone* |
| Prince P. Holloway* | Andrea M. Sasso* |
| • • • • • | Kristin Buddle* |
| Matthew D. Blum, M.D.* | Sean McMonagle* |
| James E. Foerstner¨ | Brock J. Atkins· |
| Daniel T. Thistle*¹¨ | Liam M. O'Brien* |

◖ stamponelaw.com

◖ info@stamponelaw.com

\*
 ₒ ALSO MEMBER OF THE NEW JERSEY BAR
  ALSO MEMBER OF THE FLORIDA BAR
  ¨ ALSO MEMBER OF THE GEORGIA BAR
  ᶠ LL.M IN TRIAL ADVOCACY
  ¨ OF COUNSEL

**REPLY TO**

500 Cottman Avenue
Cheltenham, PA 19012
**p** / 215.663.0400
**f** / 215.663.9112

**PHILADELPHIA**

The Graham Building
30 S. 15th Street
15th Floor
Philadelphia, PA 19102
**p** / 215.663.0400
**f** / 215.663.9112

**NEW JERSEY**

5501 New Jersey Avenue
Wildwood Crest, NJ 08260
**p** / 215.663.0400
**f** / 215.663.9112

October 31, 2025

One World Technologies, Inc.
100 Innovation Way
Anderson, SC 29621

> RE:  **Madonna v. Ridge Tool Company**
> **Superior Court of NJ Camden County**
> **Docket No.:  CAM-L-003320-25**

Dear Sir/Madam:

Enclosed herewith please find a true and correct copy of the Complaint and Summons in Civil Action which were filed in the above referenced matter.

At this time I ask that you turn this matter over to your insurance carrier and/or attorney with instructions to contact me regarding this claim.

Thank you for your attention.

Very truly yours,

Kevin P O'Brien

Kevin P. O'Brien
KOB/dae
Enclosures
Certified Mail
Return Receipt Requested



## SUMMONS

Attorney(s) KEVIN P. O'BRIEN, ESQUIRE

Office Address   500 Cottman Avenue

Town, State, Zip Code Cheltenham, PA 19012

Telephone Number   215-663-0400

Attorney(s) for Plaintiff Pasquale Madonna, et al

PASQUALE MADONNA AND

JENNIFER MADONNA, h/w

      Plaintiff(s)

vs.

RIDGE TOOL COMPANY, ET AL

      Defendant(s)

### Superior Court of
### New Jersey

Camden _____ County

LAW _____ Division

Docket No: _____

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

_____
Clerk of the Superior Court

DATED: 10/03/2025

Name of Defendant to Be Served: ONE WORLD TECHNOLOGIES, INC.

Address of Defendant to Be Served: 100 Innovation Way, Anderson SC 29621

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

*EXHIBIT H*



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 32654392**
**Date Processed: 11/10/2025**

| | |
|---|---|
| **Primary Contact:** | Svea Sharaf<br>The Home Depot, Inc.<br>2455 Paces Ferry Rd SE<br>Atlanta, GA 30339-1834 |
| **Electronic copy provided to:** | Cathy Copeland<br>Svea Sharaf<br>Micah Ascano |

| | |
|---|---|
| **Entity:** | Home Depot U.S.A., Inc.<br>Entity ID Number  2483807 |
| **Entity Served:** | Home Depot U.S.A., Inc. |
| **Title of Action:** | Madonna, Pasquale vs. Ridge Tool Company |
| **Matter Name/ID:** | Madonna, Pasquale vs. Ridge Tool Company (18144759) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Camden County Superior Court, NJ |
| **Case/Reference No:** | CAM-L-003320-25 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 11/07/2025 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Stampone O'Brien Dilsheimer Holloway<br>215-663-0400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com